UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| DOLLAR TREE STORES, INC. | ) | |
| | ) | |
| | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff, Daryl Howard, ("HOWARD"), by his attorneys, Gaffney & Gaffney P.C., for his Complaint against Dollar Tree Stores, Inc. ("DOLLAR TREE"), states:

## Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et seq.*) to recover unpaid wages. This Court has arising under jurisdiction over HOWARD's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

2. The Court also has supplemental jurisdiction over HOWARD's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), (820 ILCS 115/1 *et seq.*) pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the

same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this Judicial District in Chicago, Cook County Illinois.

## Parties

4. Plaintiff, Daryl Howard (HOWARD) is a citizen of the State of Illinois and a resident of Chicago, Cook County, Illinois.

5. Defendant, Dollar Tree Stores, Inc.(DOLLAR TREE) is a Virginia Corporation principally headquartered in Chesapeake, Virginia Beach.

## Common Allegations

6. DOLLAR TREE operates discount variety retail stores in two segments, Dollar Tree and Family Dollar. Each of the Dollar Tree and Family Dollar store brands operate approximately eight thousand stores and over twenty-five distribution centers in the United States and two distribution centers in Canada. DOLLAR TREE has in excess of sixty thousand employees.

7. HOWARD has worked for DOLLAR TREE for approximately ten years as a security guard.

8. Within the last three years, HOWARD worked as a security guard at two locations on the southside of Chicago.

9. For a period in excess of the last three years, HOWARD was paid on an hourly rate basis at thirty dollars per hour. HOWARD's pay fluctuates based upon the number of days and hours he works during a week.

10. HOWARD regularly worked seven days per week from approximately 11:00 a.m. to 9:00 p.m. per day for most days.

11. On or about March 15, 2022, DOLLAR TREE terminated HOWARD's employment.

12. Throughout his employment including the last three years, HOWARD regularly worked in excess of forty hours per week.

13. DOLLAR TREE paid HOWARD thirty dollars per hour for each hour worked but did not ever pay HOWARD overtime pay for hours worked in excess of forty hours per week.

## Count I – FLSA Claim

HOWARD, by his attorneys Gaffney & Gaffney, P.C., for his Count I Complaint brought pursuant to the Fair Labor Standards Act (FLSA) against DOLLAR TREE, states:

1-13. HOWARD incorporates herein paragraphs 1 through 13 of the above Allegations as paragraphs 1 through 13 of this Count I as if fully set forth herein, verbatim.

14. Throughout HOWARD's employment, DOLLAR TREE had an annual volume of sales or business which substantially exceeded five hundred thousand dollars ($500,000). DOLLAR TREE had annual revenue during the years 2019 through 2021 in excess of twenty-two billion dollar per year.

15. At all times relevant, HOWARD was an "employee" of DOLLAR TREE as defined by the FLSA. 29 U.S.C. § 203(e).

16. At all times relevant, DOLLAR TREE was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

17. DOLLAR TREE is an "enterprise" as defined by Section 3(r)(1) of the FLSA engaged in commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

18. DOLLAR TREE had and has thousands of employees who handle goods that move in interstate commerce.

19. The security guard services performed by HOWARD facilitated the handling, movement and sale of goods in interstate commerce.

20. DOLLAR TREE distributes and sells billions of dollars of goods in interstate commerce on annual basis.

21. HOWARD was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for all of her hours worked in excess of forty (40) hours per week.

22. DOLLAR TREE violated the FLSA by failing to pay HOWARD an overtime rate of not less than one and one-half times his regular rate for all of her hours worked over 40 hours per week during the last three (3) years.

23. DOLLAR TREE's failure to pay HOWARD overtime wages for his hours worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

24. DOLLAR TREE violation of the FLSA was willful, which entitles HOWARD to recover not only his unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit, and in addition thereto, liquidated damages and other relief afforded by the FLSA.

25. Upon information and belief, DOLLAR TREE's practices were not based upon DOLLAR TREE's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

## Collective Action Allegations

26. HOWARD and other similarly situated current and former employees were subject to DOLLAR TREE's policies and regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

27. HOWARD and asserted members of the Collective Class are similarly situated because, *inter alia,* they all were not paid the required overtime rate of

5

one and one-half times their regular rate of pay for all work in excess of 40 hours per week and/or were not properly compensated due to DOLLAR TREE's policies, and had such rights undermined and neglected by Defendant's unlawful practices and policies

28. DOLLAR TREE has encouraged, permitted, and required the Collective Class to work without required overtime compensation of one and one-half times the regular rate of pay and without being paid for all time.

29. DOLLAR TREE knew that HOWARD and other members of the Collective Class have been deprived of required compensation and overtime compensation. Nonetheless, DOLLAR TREE has operated under a scheme to deny HOWARD and the Collective Class the required compensation and one and one-half time their regular rate of pay for work in excess of 40 hours. HOWARD seeks to maintain his overtime claims as a Collective Action under the FLSA.

30. HOWARD demands trial by jury on Count I.

   WHEREFORE, Plaintiff seeks judgment against on his own behalf and on behalf of the Collective Class Members, as follows:

   a. A judgment in the amount of unpaid overtime wages for all times HOWARD worked in excess of forty (40) hours in individual work weeks;
   b. Liquidated damages to HOWARD in an amount equal to the unpaid overtime wages;

    c. That this Court declare that DOLLAR TREE violated the FLSA;
    d. That this Court enjoin DOLLAR TREE from continuing to violate the FLSA;
    e. That Plaintiff be awarded reasonable attorney's fees and costs as provided by the FLSA;
    f. Such other legal or equitable relief that this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law Claim ("IMWL")

HOWARD, by his attorneys, Gaffney & Gaffney P.C., for his Count II Complaint brought pursuant to the IMWL against DOLLAR TREE, states:

1-30. HOWARD incorporates herein all of the factual Allegations through Count I, as paragraphs 1 through 30 as paragraphs 1 through 30 of this Count II as if fully set forth herein, verbatim.

31. At all times relevant, LOPEZ was an "employee" of DOLLAR TREE as defined by the IMWL. 820 ILCS 105/3(d).

32. At all times relevant, DOLLAR TREE was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

33. This Count arises from DOLLAR TREE's failure to pay HOWARD overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

34. HOWARD was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times her regular rate for such overtime work.

35. DOLLAR TREE violated the IMWL by failing to pay HOWARD overtime wages at a rate at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

36. HOWARD has not filed a claim with the Illinois Department of Labor.

37. DOLLAR TREE did not pay HOWARD overtime wages for hours worked in excess of forty (40) hours per week for each individual workweek in violation of the IMWL.

38. Pursuant to 820 ILCS 105/12(a), HOWARD is entitled to recover unpaid wages against DOLLAR TREE for three (3) years prior to the filing of this lawsuit.

39. HOWARD demands trial by jury on Count II.

WHEREFORE, HOWARD seeks judgment against DOLLAR TREE for the following relief:

    a. A judgment in the amount of all wages due to HOWARD for all hours worked and calculated properly with time and one-half due for all hours worked in excess of forty (40) per week as provided by the IMWL:

    b. Award statutory damages for HOWARD pursuant to the formula set forth in 820 ILCS 105/12(a) and statutory interest pursuant to 815 ILCS 205/2;

    c. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    d. Grant such other and further relief as the Honorable Court deems just and proper under the instant circumstances.

Respectfully submitted,

*Glenn R. Gaffney*
Attorney for Plaintiff

Glenn R. Gaffney (#6180598)
Gaffney & Gaffney, P.C.
1771 Bloomingdale Road
Glendale Heights, Il. 60139
630 462 1200 x 4
glenn@gaffneylawpc.com