UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL HOWARD, | ) | |
|     Plaintiff/Counter-Defendant, | ) | Case No. 1:22-cv-04874 |
| v. | ) | Hon. Virginia Kendall |
| DOLLAR TREE STORES, INC., | ) | Magistrate Judge Beth W. Jantz |
|     Defendant/Counter-Plaintiff. | ) | |

**DOLLAR TREE STORES, INC.'S MOTION TO REOPEN DISCOVERY TO DEPOSE TWO OF DARYL HOWARD'S SUBCONTRACTORS**

Defendant/Counter-Plaintiff Dollar Tree Stores, Inc. ("DTS"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, respectfully moves this Court to re-open discovery ("Motion") solely to depose two of Plaintiff/Counter-Defendant Daryl Howard's ("Howard") subcontractors Gerald Colone ("Colone") and Byron Fields ("Fields"), both of whom Howard sent to DTS to perform security services on Howard's behalf between 2018 through 2022 ("relevant time period"), but for whom Howard did not provide contact information during discovery. For these reasons, DTS respectfully requests this Court grant the Motion, and states as follows:

    1.    This Court's Orders denying the parties' dispositive motions extensively analyzed the extent to which Howard subcontracted the security services he provided DTS during the relevant time period. (ECF No. 144 at pp. 5-10; ECF No. 133 at pp. 3-4, 8, 12, 14.)

    2.    During discovery, DTS deposed Gary Davis, who was the only subcontractor for whom Howard disclosed contact information.

    3.    Howard's Rule 26 Initial and Supplemental Disclosures and Answers to Interrogatories Nos. 7 and 10 did not identify two of Howard's other subcontractors, Colone and Fields. (*See* Howard's Supplemental Disclosures, attached hereto as **Exhibit A**; Relevant pages of

Howard's Third Amended Answers to DTS's First Set of Interrogatories ("Answers"), attached hereto as **Exhibit B)**.[1]

4. Howard's tax returns identified Colone and Fields as individuals who provided security services for Howard and his company, Howard Realty Enterprises, LLC ("HRE"), but Howard's response to DTS's subpoena to HRE during discovery stated Howard had no additional responsive information or documents, but for bank records Howard already produced. *See* relevant sections of Howard's 2020-2022 Tax Returns, attached hereto as **Group Exhibit C**, at Howard1118, Howard719, and Howard1994; HRE Subpoena Response, attached hereto as **Exhibit D)**.

5. After discovery closed, DTS's pretrial investigation revealed Colone and Fields' contact information, so on May 9 and 13, 2025, on behalf of DTS, the undersigned counsel spoke via telephone with Colone and Fields, respectively, for approximately two minutes each.

6. During the telephone calls, Colone and Fields each independently confirmed they worked for Howard at DTS during the relevant time period, which contradicts Howard's testimony and the omissions in Howard's discovery responses. (*See* Howard's August 15, 2023 Deposition, at 73:10-17, **Exhibit E**.)

7. Later on May 13, 2025, Howard's counsel stated that Colone and Fields each contacted Howard about DTS's communications, thus confirming that Colone and Fields each have a relationship with Howard and means of communicating with each other.

8. Howard's omissions during discovery precluded DTS from deposing Colone and Fields and prejudiced DTS's defenses and counterclaims.

---

[1] "Identify" as defined in DTS's First Set of Interrogatories included the individual's "last known business and home address, and last known business and home telephone numbers."

9. To avoid further prejudicing DTS and to confirm their anticipated trial testimony, DTS respectfully requests this Court reopen discovery for the limited purpose of DTS deposing Colon and Fields in July 2025 for one hour each.

10. Howard will not be prejudiced by this Motion, because he can attend the depositions and neither deposition will alter this Court's pretrial or trial schedule.

11. On June 23, 2025, Howard's counsel confirmed via email the Motion is opposed.

12. DTS brings this Motion in good faith and not for purposes of undue delay.

**WHEREFORE**, Defendant/Counter-Plaintiff Dollar Tree Stores, Inc. respectfully requests this Court enter an Order:

i) Granting the Motion;

ii) Re-opening discovery for the limited purpose of allowed Dollar Tree Stores, Inc. to take one-hour depositions of both Gerald Colone and Byron Fields; and

iii) Granting such additional relief this Court deems just and appropriate.

Respectfully submitted,

Defendant/Counter-Plaintiff Dollar Tree Stores, Inc.,

Dated: June 24, 2025.              By: /s/Zev Grumet-Morris
                                       One of Its Attorneys

Daniel O. Canales (ARDC No. 6296027)
Zev Grumet-Morris (ARDC No. 6335966)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: 312.499.6724
Facsimile: 312.277.2343
*docanales@duanemorris.com*
*zgrumetmorris@duanemorris.com*
Attorneys for Defendant/Counter-Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 24, 2025, he electronically filed the foregoing with the Clerk of the Court using the ECF system, which will provide notice to the following counsel of record:

Glenn R. Gaffney
Gaffney & Gaffney PC
1771 Bloomingdale Road, Suite 1612
Glendale Heights, IL 60139
grgaffney@aol.com

John C. Ireland
The Law Office of John C. Ireland
636 Spruce St.
South Elgin, IL 60177
atty4employees@aol.com

Attorneys for Plaintiff/Counter-Defendant

By: /s/Zev Grumet-Morris
One of the Attorneys for Dollar Tree Stores, Inc.