IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARYL HOWARD, *Plaintiff/Counter-Defendant*, v. DOLLAR TREE STORES, INC., *Defendant/Counter-Plaintiff*. | No. 22 C 04874 <br><br> Chief Judge Virginia M. Kendall |

## ORDER

For the reasons below and those stated in open court on August 29, 2025, the Court rules on Plaintiff Daryl Howard's Omnibus Motions *in Limine* [175] and Defendant Dollar Tree Store's ("Dollar Tree") Motions *in Limine* [165, 167, 169, 171, 172, 173] as follows.

**A.   Howard's Motion *in Limine* 1**

Howard's motion to bar any mention or argument of waiver, acquiescence, failure to complain, failure to demand payment, or abandonment is granted in part. (Dkt. 175 at 2–4). Dollar Tree is not permitted to argue that Howard is ineligible for overtime wages simply because he never complained about his lack of overtime pay. Dollar Tree may, however, introduce evidence that Howard never complained about his pay for the limited purpose of demonstrating his state of mind surrounding whether Dollar Tree ever breached the parties' agreement.

**B.   Howard's Motion *in Limine* 2**

Howard's motion to bar any mention of liquidated damages is denied. (Dkt. 175 at 4–7). The total amount of money to which Howard thinks he is entitled is relevant to his underlying bias and motivations for bringing the case.

**C.   Howard's Motion *in Limine* 3**

Howard's motion to bar Dollar Tree from referencing his failure to call witnesses is denied. (Dkt. 175 at 8–10). Each party has equal power to subpoena witnesses and neither Howard nor Dollar Tree is accused of withholding a particular witness. Whether a witness was called to meet that party's burden is an appropriate line of questioning for either party.

**D.   Howard's Motion *in Limine* 4 and Dollar Tree's Motions *in Limine* 2 and 3**

Howard's motion to bar reference or mention of Daryl Howard and Gary Davis's criminal convictions and arrest records are granted in part. (Dkt. 175 at 10–13). First, Dollar Tree does not oppose the portion of the motion that seeks to exclude evidence of Howard's 1993 robbery conviction, 1994 burglary conviction, and other drug-related offenses; that portion of the motion is granted.

Direct evidence of Howard's 2003 and 2004 arrests for impersonating a police officer, is excluded under Fed. R. Evid. 404(b)(1). Evidence of these arrests may be admissible on cross-examination depending on Howard's testimony pertaining to his role as a "police officer" or "auxiliary police officer." Dollar Tree must ask the Court at sidebar if it believes testimony has been offered that renders Howard's 2003 and 2004 charges appropriate subjects for cross examination. For these reasons, Dollar Tree's third motion *in limine* seeking to introduce evidence of Howard's impersonating a police officer charges is denied without prejudice. (Dkt. 169).

The portion of Howard's motion that seeks to exclude any mention of Gary Davis's murder conviction and 20-year prison sentence, (Dkt. 175 at 10–13), and Dollar Tree's competing motion to introduce that same evidence, (Dkt. 167), are both granted in part. Dollar Tree does not seek to introduce evidence of Gary Davis's criminal history to impeach his character under Fed. R. Evid. 609 or for an improper purpose under Fed. R. Evid. 404(b). The evidence is relevant and admissible to demonstrate the level of autonomy Howard had in selecting subcontractors for Dollar Tree security work, including selecting subcontractors with felony records. It goes to both the independent contractor analysis and whether Howard breached his agreement with Dollar Tree. Under Fed. R. Evid. 403, however, the Court finds the evidence that Davis was convicted of murder and sentenced to 20-years is unfairly prejudicial. Accordingly, Dollar Tree is permitted to introduce evidence that Davis was convicted of a felony and served prison time on that conviction but may not elaborate upon the nature of the conviction or length of the sentence imposed.

**E.   Howard's Motion *in Limine* 5**

Howard's motion to exclude evidence of his private sexual messaging with a Dollar Tree employee is granted. (Dkt. 175 at 14–16). The evidence is irrelevant to whether Howard was working when he claims to have been. Unlike Facebook posts showing Howard in different cities, he could have sent the at-issue messages from anywhere, including a Dollar Tree store during one of his shifts. And Dollar Tree has not presented any evidence that Howard was prohibited from using his cell phone at work. Even if this evidence had some minor relevancy, its prejudicial nature substantially outweighs any probative value; thus, Fed. R. Evid. 403 serves as an alternative basis for exclusion.

**F.   Howard's Motion *in Limine* 6**

Howard's motion to bar any reference to Plaintiff's counsel's practice and clients is granted in part. (Dkt. 175 at 16–18). Neither side is permitted to make arguments or disparaging comments about opposing counsel's particular practice areas. To the extent Howard suggests Dollar Tree should not be permitted to inquire about Howard's motivations, the motion is denied.

### G. Howard's Motion *in Limine* 7

Pursuant to Fed. R. Evid. 615, Howard's motion to exclude witnesses from the courtroom, except for parties in the case, is granted. (Dkt. 175 at 18–19).

### H. Howard's Motion *in Limine* 8

Howard's motion to bar testimony of Dollar Tree's alleged damages is denied. (Dkt. 175 at 20–26). Howard has failed to demonstrate that this evidence was not properly disclosed under Fed. R. Civ. P. 26. Moreover, none of the topics Howard identifies call for improper lay opinion testimony under Fed. R. Evid. 701. This ordinary fact testimony is admissible.

### I. Howard's Motion *in Limine* 9

Howard's motion to bar the testimony of six witnesses that Dollar Tree failed to depose is denied. (Dkt. 175 at 26–32). Each of the witnesses have either been long-known to Howard, referenced during discovery, or are offered for the limited purpose of authenticating records. Howard cannot use his own failure to depose these witnesses to his advantage on the eve of trial. Accordingly, Fed. R. Civ. P. 37(c)(1) does not mandate these witnesses' exclusion.

### J. Howard's Motion *in Limine* 10

Howard's motion to exclude certain Dollar Tree exhibits is denied as moot. (Dkt. 175 at 33–34). The Court will rule on the parties' exhibit objections in a separate minute entry or at during trial.

### K. Howard's Motion *in Limine* 13

Howard's motion to exclude testimony regarding an alleged sexual harassment complaint that a Dollar Tree employee made against Howard is denied. (Dkt. 175 at 34–37). The evidence is relevant to the independent contractor analysis in showing Dollar Tree's lack of control over Howard as well as the step's Dollar Tree took investigating the complaint. The evidence is not hearsay as it is not offered for the truth of the matter asserted but rather to show the effect on Dollar Tree. To that end, the details of the complaint are irrelevant and will be excluded. Dollar Tree is only permitted to introduce evidence that there was a sexual harassment complaint and of the company's process in handling it.

### L. Howard's Motion *in Limine* 14

Howard's motion to bar the introduction of Roy Ocasio's affidavit in the event he fails to appear for trial is granted as that affidavit is inadmissible hearsay. (Dkt. 175 at 37–40).

### M. Howard's Motion *in Limine* 16

Howard's motion to deny Dollar Tree's request that the Court take judicial notice of certain legal materials surrounding the state of Illinois's treatment of so-called "auxiliary police officers"

3

is denied as moot. (Dkt. 175 at 40–45). The Court will determine whether to (1) allow cross-examination on these topics, (2) take judicial notice of Dollar Tree's proposed exhibits, and (3) provide a corresponding jury instruction during trial.

### N.     Dollar Tree's Motion *in Limine* 1

Dollar Tree's motion to bar evidence of whether and to whom Dollar Tree transitioned its security contract, (Dkt. 165), is denied. Howard is permitted to introduce evidence about the differences between the two contracting arrangements but may not offer testimony from any lay person about how Howard or Dollar Tree's replacement security provider differ from a legal standpoint.

### O.     Dollar Tree's Motion *in Limine* 4

Dollar Tree's motion to exclude evidence of facts not in dispute in the Fair Labor Standards Act (FLSA) independent contractor analysis, (Dkt. 171), is granted. In denying Dollar Tree's motion for summary judgment, the Court found that genuine disputes of material fact remained on whether Howard was an "employee" or "independent contractor." (*See* Dkt. 133 at 8–12). At the same time, however, the Court concluded three of the six factors used in this circuit to examine a worker's status cut in Dollar Tree's favor, i.e., that Howard was an independent contractor. *See Sec'y of Labor v. Lauritzen*, 835 F.2d 1529 (7th Cir. 1987). Dollar Tree seeks to remove those factors from the jury's consideration.

The question of whether Howard was a Dollar Tree employee or independent contractor "is a legal rather than a factual one." *Simpkins v. DuPage Housing Auth.*, 893 F.3d 962, 965 (7th Cir. 2018). But that determination depends on the resolution of independent questions of fact, among them the six *Lauritzen* factors. In practice, this means the Court will charge the jury with resolving any remaining factual disputes before itself deciding the ultimate legal question. *See Aska v. Yingling*, 2025 WL 1866305, at *6 (N.D. Ill. July 7, 2025) (quoting *Yassin v. Weyker*, 39 F.4th 1086, 1090 (8th Cir. 2022)) (observing that juries "still have a role to play" in resolving a purely legal question when underlying "material facts are in dispute"); *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1119 (7th Cir. 1995) (recognizing facts "may have to go before a jury" before the court can determine a purely legal question); *see also* Fed. R. Civ. P. 49(a)(1) (permitting the court to submit specific factual questions to the jury).

The six *Lauritzen* factors are: (1) control; (2) opportunity for profit or loss; (3) investment in equipment or materials; (4) special skill; (5) permanency and duration; and (6) the extent to which the service rendered is integral to the business. *Lauritzen*, 835 F.2d at 1535. At summary judgment, the Court concluded that the first, third, and sixth factors favored the finding that Howard was an independent contractor, not an employee. (Dkt. 133 at 7–9, 11). Howard's contention that the words "favor a finding" did not conclusively establish any fact is misguided. (Dkt. 195 at 2). In resolving these three factors in Dollar Tree's favor, the Court considered all evidence in the light most favorable to Howard, drew all inferences in his favor, and ultimately found the "record as a whole could not lead a rational trier of fact to find for" Howard. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Simpkins*, 893 F.3d at 965–67. As the Court will resolve the ultimate legal question in this case and has already ruled on

these three factors, there is no point in putting them to a jury.

The jury need only resolve the second, fourth, and fifth *Lauritzen* factors "before the court can properly determine the impact they had on the overall economic reality." *Simpkins*, 893 F.3d at 967; *see Walsh v. Alpha & Omega USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022) ("[D]isputed factual issues that may affect this legal determination can be submitted to the jury as special jury questions."). While, at summary judgment, the Court ruled these factors "favor[ed] Howard," that finding was based on inferences drawn in his favor, "a disadvantage [Dollar Tree] will not face at trial." *CIVIX-DDI, LLC v. Hotels.com, L.P.*, 2012 WL 6591684, at *3 (N.D. Ill. Dec. 18, 2012) (St. Eve, J.).

Still, evidence tied to the first, third, and sixth *Lauritzen* factors may be admissible if relevant to another claim or fact in dispute, e.g., Dollar Tree's counterclaims or the total number of hours Howard personally worked.

**P.      Dollar Tree's Motion *in Limine* 5**

Dollar Tree's motion to bar any testimony of Howard's alleged status as an auxiliary police officer, (Dkt. 172), is denied. The evidence is relevant to Dollar Tree's counterclaim for fraudulent misrepresentation and its veracity can be adequately explored on cross examination.

**Q.      Dollar Tree's Motion *in Limine* 6**

Dollar Tree's motion to bar evidence of William Kazupski's status as a Dollar Tree agent, employee, or independent contractor, (Dkt. 173), is taken under advisement subject to the testimony offered at trial. Howard is permitted to introduce evidence of how Kazupski relayed information to Howard, worked with him on scheduling, and generally managed Dollar Tree's security services. But Kazupski is not a party to this case, and evidence of his employment status or classification is both irrelevant and risks confusing or misleading the jury. With these guardrails in place, Dollar Tree may reraise its objection during trial depending on the evidence Howard offers.

## CONCLUSION

For the foregoing reasons, and those explained in open court, the Court so rules on the parties pending Motions *in Limine*.

_____
Virginia M. Kendall
United States District Judge

Date: September 2, 2025