IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARYL HOWARD, | ) |
|     *Plaintiff/Counter-Defendant*, | ) ) ) |
| v. | ) No. 22 C 04874 ) |
| DOLLAR TREE STORES, INC., | ) Chief Judge Virginia M. Kendall ) |
|     *Defendant/Counter-Plaintiff*. | ) ) ) |

## JUDGMENT ORDER

On September 15, 2022, the jury returned a verdict in this case. Having concluded that the ultimate question of whether Howard was a Dollar Tree Stores employee or independent contractor was a legal determination reserved for the judge, the Court put five special factual questions to the jury relevant to that determination pursuant to Fed. R. Civ. P. 49(a)(1). *Simpkins v. DuPage Housing Auth.*, 893 F.3d 962, 965 (7th Cir. 2018). Those questions were:

(1) Did Howard's working relationship with Dollar Tree afford him an opportunity to increase his profits by exercising managerial skill or risk losing his investments? The jury answered "Yes," which favors independent contractor status.
(2) Was Howard's working relationship with Dollar Tree "permanent"? The jury answered "No," which favors independent contractor status.
(3) Was Howard's working relationship with Dollar Tree "exclusive"? The jury answered "No," which favors independent contractor status.
(4) Did Howard's position with Dollar Tree require him to draw upon specialized skills or technical experience? The jury answered "No," which favors independent contractor status.
(5) Was Howard economically dependent on Dollar Tree? The jury answered "No," which favors independent contractor status.

At summary judgment, the Court conclusively determined that three additional factors favored independent contractor status: control, investment in equipment and materials, and the extent to which Howard's services were integral to Dollar Tree's business. (Dkt. 133 at 7–9, 11; *see also* Dkt. 207 at 4–5). Between the Court's findings at summary judgment and the jury verdict, no single factor weighs in favor of finding that Howard was a Dollar Tree employee. Accordingly, the Court concludes as a matter of law that he was an independent contractor, rendering him

ineligible for relief under the Fair Labor Standards Act (FLSA), which applies only to employees. 29 U.S.C. § 203(e)(1).

Howard is ineligible for FLSA relief for the independent reason that the jury found he "did not personally work over 40 hours in any workweek." *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173 (7th Cir. 2011) (noting, in an FLSA overtime case, the employee must prove he performed overtime work for which he was not properly compensated). Accordingly, judgment is entered in favor of Dollar Tree and against Howard on Howard's FLSA claim.

As to Dollar Tree's counterclaims, pursuant to the jury verdict, judgment is entered against Dollar Tree and in favor of Howard on Dollar Tree's claims for breach of contract and fraud. Judgment is entered in favor of Dollar Tree and against Howard on Dollar Tree's claim for unjust enrichment in an amount of $0.

A separate AO-450 judgment shall be entered. Post-trial motions, if any, shall be filed within 28 days of entry of judgment. Responses are due 21 days thereafter and replies are due 14 days after that.

Virginia M. Kendall
United States District Judge

Date: September 23, 2025